UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-CR-31-HAB |
| | ) | |
| DAVID LEE WIRGES | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 72). The Government filed its Response (ECF No. 78) on January 13, 2021. Defendant has filed no reply. This matter is now ripe for review.

**A.    Defendant's Conviction**

On March 28, 2018, Defendant was indicted on six counts alleging gun and drug offenses. The charges arose out of two controlled buys where Defendant sold heroin and fentanyl, in addition to a .380 pistol, to a confidential informant that Defendant knew to be a convicted felon. A subsequent search of Defendant's home located addition heroin and fentanyl, cash, another firearm with ammunition, and drug paraphernalia.

Defendant pleaded guilty to one count of possession with intent to distribute heroin and one count of selling a firearm to a felon. He was sentenced to a term of 60 months' imprisonment with three years of supervised release to follow. Defendant is currently held at FCI Milan[1] with an anticipated release date of June 24, 2022.

---

[1] Defendant's motion, which appears to be a form that counsel has used on multiple prior occasions, references USP Atlanta and FCI Butner in addition to FCI Milan. (ECF No. 72 at 5, 17). Because Defendant is currently housed at FCI Milan, the Court will confine its analysis to that facility.

**B.     Legal Analysis**

Defendant's motion requests compassionate release. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

(1) in any case --

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Defendant, not the Director of the BOP, filed the motion, the Defendant must first demonstrate that he meets the statutory exhaustion. The parties agree that Defendant has done so, allowing the Court to proceed to the merits of the motion.

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, have not been amended to reflect the First Step Act's change

to § 3582(c)(1)(A) allowing prisoners to bring compassionate release claims directly before the court. *Gunn*, supra. Accordingly, "§ 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release." *United States v. Hoskins*, No. 2:99 CR 117, 2020 WL 7640408, at *2 (N.D. Ind. Dec. 23, 2020) (citing *Gunn*, 938 F.3d at 1180). Indeed, "[d]istrict judges must operate under the statutory criteria–'extraordinary and compelling reasons'–subject to deferential appellate review." *Gunn,* 980 F.3d at 1181.

Using the guidance of §1B1.13 to inform the statutory criteria, the court considers the medical condition of the defendant, his age, his family circumstances, and whether there exists in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes.[2] Second, the Court determines whether the Defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court considers the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Additionally, when the defendant moves for a reduction based on COVID-19, Courts have also considered: (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, and (3) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See United States v. Barrett*, No. 2:17-CR-1, 2020 WL 3264112, at *3 (N.D. Ind. June

---

[2] However, as *Gunn* made clear, the policy statement's requirement that the court consider whether the reduction is otherwise "consistent with this policy statement" does not limit a district judge's discretion. This is because the statute by which the district court is bound requires a reduction to be consistent with "applicable policy statements." And, the Sentencing Commission has not yet issued a policy statement "applicable" to the Defendant's request. Thus, *Gunn* held, "[a]ny decision is 'consistent with' a nonexistent policy statement." *Gunn*, 980 F.3d at 1180. !

3

17, 2020); *see also United States v. Davis*, No. 2:19-CR-74-3, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *See United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D.Ill. May 12, 2020).

In this case, Defendant's filings give this Court very few reasons, let alone extraordinary or compelling ones, to justify granting his motion. Defendant has not articulated any medical condition that makes him more susceptible to the virus nor has he provided any basis for the Court to conclude that he suffers from a serious condition that increases the likelihood of severe consequences from COVID-19. Instead, Defendant states only that he is a former smoker. As the Government notes, the Court is forced to take Defendant's word for it, as neither his medical records nor his PSIR report a history of tobacco use.

Assuming Defendant did smoke, that is a factor that puts an individual at an increased risk for severe illness from COVID-19. *See* CDC, People Who Are at Increased Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html. But Defendant has identified no adverse health effects resulting from his smoking past. Moreover, Defendant's risk of disease from smoking drops every day he stays smoke-free, including his risk of heart and lung conditions. *See*, CDC, Health Effects of Cigarette Smoking, https://www.cdc.gov/tobacco/data_statistics/fact_sheets/health_effects/effects_cig_smoking/index.htm.

Moreover, Defendant's reaction to the virus is not a hypothetical. As the Government notes, Defendant has already recovered from a mild case of COVID-19. He was able to self-care throughout his illness and was able to manage his symptoms with over-the-counter medication. Whatever his smoking past, it did not cause a severe illness when Defendant was exposed to the virus.

It must also be pointed out that Defendant's alleged condition is the result of poor life choices on his part. Defendant does not have a disease; he has the consequences of his decision to smoke. A finding that this alone could support compassionate release, creating an avenue for defendants to create grounds on their own, would cheapen the concept of extraordinary and compelling circumstances.

As for his confinement, FCI Milan currently reports 251 inmates with positive COVID-19 tests. https://www.bop.gov/coronavirus/. While this number is less than optimal, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." *See Melgarejo*, 2020 WL 2395982, at *3. Rather, "a prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *Id.* at 5–6. *See also United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

The Bureau of Prisons continues to take serious and substantial steps to reduce the spread of COVID-19 within its facilities. *See* Federal Bureau of Prisons, COVID-19 Action Plan: Phase Seven (posted on May 20, 2020), https://www.bop.gov/resources/news/20200520_covid-

5

19_phase_seven.jsp; *see also*, BOP COVID-19 Modified Operations Plan, https://www.bop.gov/coronavirus/covid19_status.jsp. The fact that Defendant was able to successfully recover from the virus while incarcerated speaks to those efforts.

Finally, with respect to the § 3553(a) factors, they have not changed. The Court observes that Defendant received an above-guidelines sentence based upon full consideration of the § 3553(a) factors. Defendant identifies no new information in his filing addressing the sentencing considerations, so the Court stands on its prior evaluation. Defendant's sentence was imposed to reflect the seriousness of the offense, promote respect for the law as well as to afford adequate deterrence and to protect the public from further crimes of the defendant. The Court finds that the significant sentence reduction that Defendant seeks would greatly undermine the above statutory purposes of sentencing.

In sum, because this Court does not find extraordinary and compelling circumstances exist for Defendant's release and finds that a reduction of sentence is inconsistent with the § 3553(a) factors, Defendant does not meet the criteria for compassionate release and his motion (ECF No. 72) is DENIED.

SO ORDERED on February 2, 2021.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT